SO ORDERED: December 15, 2015.



_____
James M. Carr
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BENJAMIN DREW ROBINSON, | ) | Case No. 15-02501-JMC-7A |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| eCAPITAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 15-50159 |
| | ) | |
| BENJAMIN DREW ROBINSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

THIS MATTER comes before the Court on the Motion to Dismiss Plaintiff's Amended Complaint filed by Benjamin Drew Robinson ("Defendant") on September 23, 2015 (Docket No. 13) and the accompanying Brief in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint filed by Defendant on September 23, 2015 (Docket No. 14) (collectively, the "Motion"), Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Amended

Complaint filed by eCapital, LLC ("Plaintiff") on October 21, 2015 (Docket No. 22) ("Objection"), the Reply Brief in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint filed by Defendant on November 3, 2015 (Docket No. 23) ("Reply"), and the Plaintiff's Surreply to Defendant's Motion to Dismiss Plaintiff's Amended Complaint filed by Plaintiff on November 10, 2015 (Docket No. 24) ("Surreply"). The Court, having reviewed the Motion, Objection, Reply, and Surreply, and being otherwise duly advised, now **DENIES** the Motion.

Defendant moves the Court to dismiss this adversary proceeding pursuant to Fed R. Civ. P. 12(b)(6), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012(b), asserting that the Complaint to Determine Dischargeability of Debt filed by Plaintiff on July 6, 2015 (Docket No. 1) (the "Complaint") fails to state a claim upon which relief may be granted.

> A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Tamayo v. Blagojevich,* 526 F.3d 1074, 1082 (7th Cir. 2008).
>
> To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), such that the defendant is given "fair notice of what the ... claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 677–78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 570); *see also Tamayo,* 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal,* 556 U.S. at 678–79; *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009). Determining whether a

>complaint states a plausible claim for relief requires the Court to draw on its judicial experience and common sense. *Iqbal,* 556 U.S. at 679.

*Trustees of Teamsters Union Local No. 142 Pension Trust Fund v. Cathie's Cartage, Inc.*, 2013 WL 2402990 at *3 (N.D. Ind. 2013).

Based on the holding of the recent 7th Circuit case *Sullivan v. Glenn (In re Glenn)*, 782 F.3d 378, 382 (7th Cir. 2015), *cert. denied*, 577 U.S. __ (2015), the obligations of a debtor cannot be rendered nondischargeable based upon the misrepresentations of an agent unless the debtor knew or should have known about the misrepresentations or was recklessly indifferent to the acts of his agent.

The Complaint describes the business relationship between the Plaintiff, the Defendant and a non-party, Kitto, Saldivar & Robinson LLP d/b/a Mister Buck's Genuinely Good Pet Food ("Mister Buck's"). It alleges that the Defendant, along with other parties that own and control Mister Buck's, defrauded the Plaintiff by way of a scheme involving Mister Buck's sale of an invoice to the Plaintiff when Mister Buck's had not received an order for the account debtor Schnuck Markets, Inc. The Complaint provides dates and dollar amounts for the relevant transactions and recites a brief history of a related state court case. This is ample information to ensure the Defendant is on fair notice as to the claims against him.

Taking the facts alleged in the Complaint as true, as the Court must, the Complaint contains sufficient factual allegations that the Defendant had material involvement in the alleged scheme to defraud the Plaintiff and that the Defendant had material involvement in the alleged scheme to maliciously inflict injury on the Plaintiff so that if those allegations are proved at trial, the Plaintiff could prevail on its claims of nondischargeability. In particular, paragraphs 12, 21, and 22 of the Complaint are sufficient to support the Plaintiff's allegations and establish a plausible claim to relief. Therefore, the Motion is **DENIED**.

Pursuant to Fed. R. Bankr. P. 7012(a), Defendant shall file his answer by January 7, 2016.

IT IS SO ORDERED.

# # #